117 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus O. VELASQUEZ-RECARTE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70530, Avb-hzr-loa.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Orlando Velasquez-Recarte petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's order denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's findings for substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1982). We will not reverse unless the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id.
 
 
 4
 To qualify for asylum, an applicant must demonstrate past persecution or a well-founded fear of persecution on account of the applicant's race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A); Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc).
 
 
 5
 Velasquez-Recarte contends that substantial evidence does not support the BIA's determination that he failed to establish past persecution or a well-founded fear of future persecution on account of his political opinion. This contention lacks merit.
 
 
 6
 At the deportation hearing, Velasquez-Recarte testified that he was a National Party member who voluntarily participated in physical confrontations with Liberal Party members every four years during presidential campaigns. In 1992 or 1993, he suffered minor injuries when Labor Party members in a car hit him while he was riding his bicycle.
 
 
 7
 Substantial evidence supports the BIA's finding that Velasquez-Recarte did not establish past persecution or a well-founded fear of persecution sufficient to warrant granting asylum. See Elias-Zacarias, 502 U.S. at 481. The incidents testified to by Velasquez-Recarte do not rise to the level of severity necessary to establish past persecution on account of political opinion or any other of the enumerated factors. See Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (finding no past persecution where applicant was arrested, assaulted, and detained for four hours). Furthermore, the incidents would not compel a reasonable factfinder to find a well-founded fear of persecution because Velasquez-Recarte remained in Honduras several years after they occurred without incident. See Elias-Zacarias, 502 U.S. at 481; see also Castillo v. INS, 951 F.2d 1117, 1121 (holding that BIA may consider continued safe residence as substantial evidence of no well-founded fear of persecution).
 
 
 8
 Because Velasquez-Recarte failed to establish statutory eligibility for asylum, he necessarily failed to meet the higher standard of "clear probability of prosecution" required to qualify for withholding of deportation. See Fisher, 79 F.3d at 961.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3